# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-2027V

| | |
|---|---|
| DRUSILLA PEARSON,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 28, 2025 |

*Courtney Christine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION DISMISSING CLAIM**[1]

On October 15, 2021, Drusilla Pearson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") – as a result of an influenza vaccine she received on October 16, 2018. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 25, 2025, I dismissed Petitioner's SIRVA Table case for failure to establish that her shoulder pain occurred within 48 hours of her vaccination, as required to establish a SIRVA Table claim. In addition, I found that the evidence strongly was unsupportive of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

any causation-in-fact claim as well, and therefore ordered Petitioner to Show Cause why the matter should not be dismissed in its entirety. ECF No. 42.

On May 27, 2025, Petitioner moved for a decision dismissing her case, stating that she "believes she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 46. Petitioner further states that she "understands that a decision . . . dismissing her Petition will result in a judgment against her. [And that] [s]he has been advised that such a judgment will end all of her rights in the Vaccine Program." *Id.*

Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to Section 12(d)(3). To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). But examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." And the same record does not contain a medical expert's opinion or any other persuasive evidence supporting the conclusion that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, a petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.